UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 95-7661

LEON DURWOOD HARVEY,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-85-224-A, CA-95-926-AM)

Submitted: December 17, 1996

Decided: January 22, 1997

Before MURNAGHAN and ERVIN, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jonathan Shapiro, Michael William Lieberman, Alexandria, Virginia,
for Appellant. Karen Patrice Tandy, Assistant United States Attorney,
Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant appeals the district court's order denying his motion filed under 28 U.S.C. § 2255 (1994), amended by Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214. He claims primarily that his criminal prosecution for drug-related offenses violated the Double Jeopardy Clause because property previously was civilly forfeited based upon the same underlying conduct. Additionally, he claims that his conviction for engaging in a continuing criminal enterprise (CCE) cannot stand because two prior convictions for drug conspiracies were used as evidence to support his CCE conviction. We affirm.

With regard to the forfeiture issue, we first note that our decision in United States v. 3301 Burgundy Rd., 728 F.2d 655 (4th Cir. 1984), raises serious doubts as to whether there exists a final order of forfeiture of the property at question. In Burgundy Road, we vacated the district court's order directing the forfeiture to the United States of the proceeds from the sale of property allegedly used by Appellant and others as a meeting place to plan ways of smuggling drugs into this country. Id. at 656. On remand, the district court dismissed the action because it had lost jurisdiction over the proceeds, which had been transferred to the Department of Justice in Washington, D.C. In light of our order vacating the order of forfeiture, we question whether there has been a final order of forfeiture in this case.

Even if there was a forfeiture, there was no double jeopardy violation. The Supreme Court recently held that civil in rem forfeitures under 21 U.S.C. § 881(a)(6) (1994) do not constitute punishment for double jeopardy purposes. United States v. Ursery, ___ U.S. ___ 64 U.S.L.W. 4565, 4571 (U.S. June 24, 1996) (No. 95-345). The forfeiture at issue here was obtained pursuant to § 881(a)(6). Therefore, Appellant's subsequent conviction and sentence did not violate the Double Jeopardy Clause.

Appellant also challenges his CCE conviction on double jeopardy grounds. With respect to this and the remaining issues on appeal, we have reviewed the record, briefs, and other material before us and find

2

no reversible error. Accordingly, we affirm on the reasoning of the district court. <u>United States v. Harvey</u>, Nos. CR-85-224-A; CA-95-926-AM (E.D. Va. Sept. 27, 1995).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3